# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>NICOLE SPADARO,<br><br>                Defendant. | Case No. 3:24-cr-00024-SLG-MMS |

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 24 is Defendant Nicole Spadaro's Motion to Suppress. Plaintiff responded in opposition at Docket 29. The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 33, Judge Scoble issued his Report and Recommendation, in which he recommended that the motion be denied. Defendant Spadaro filed objections to the Report and Recommendation at Docket 34 to which the Government replied at Docket 35. Oral argument on the motion was held on September 11, 2024.[1]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[1] Docket 39.

[2] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[3] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

The Magistrate Judge recommended that the Court deny the Motion to Suppress. The Court has now reviewed the parties' filings, the audio recording of the encounter, and the other exhibits in the record. On de novo review, the Court finds that law enforcement had reasonable suspicion to detain Ms. Spadaro. Further, law enforcement has met its burden to establish that Ms. Spadaro consented to the searches of her luggage.

Ms. Spadaro's objections focus principally on the Supreme Court's opinion in *Florida v. Royer*, 103 S. Ct. 1319 (1983), the facts of which she asserts "are not materially distinguishable from the facts in the instant case,"[5] and where the Court held the police exceeded the limits of an investigative stop where they asked the defendant to accompany them to a small police room and retained the defendant's airline ticket and driver's license.

---

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] Docket 34 at 1.

Case No. 3:24-cr-00024-SLG-MMS, *USA v. Spadaro*
Order re Report and Recommendation
Page 2 of 4
Case 3:24-cr-00024-SLG-MMS    Document 42    Filed 11/08/24    Page 2 of 4

The Government responds that the actions of the officers in *Royer* differ from the officers in her encounter, and "neither *Royer* nor the subsequent case law require probable cause merely to move a suspect to a different room."[6]

The Court finds that the facts in *Royer* are materially distinguishable. The defendant in *Royer* was detained in a small room as he was getting ready to board a flight, not as he was arriving at his destination. The officers in *Royer* had taken the defendant's plane ticket and driver's license, without indicating in any way that he was free to depart, thereby "seizing" him for purposes of the Fourth Amendment. *Royer*, 103 S. Ct. at 501-502. And the officers, without his consent, had retrieved the defendant's checked luggage from the airline, brought it to the room where they were detaining him, and asked for his consent to search it. They did not explain that he could decline to give consent.

Here, in contrast, Ms. Spadaro was an arriving passenger; her airplane ticket was a nonissue. There is no indication that law enforcement took her identification from her. And, despite her several requests to use the restroom, the audio recording supports the Magistrate Judge's conclusion that she voluntarily consented to the search of her carry-on luggage and later, to the search of her checked bags. Further, the Court agrees with the Government's assertion that the relocation of Ms. Sabado to the police department office, by itself, did not require probable cause to arrest. *See Royer*, 103 S. Ct. at 504-05

---

[6] Docket 35 at 2.

Case No. 3:24-cr-00024-SLG-MMS, *USA v. Spadaro*
Order re Report and Recommendation
Page 3 of 4

Case 3:24-cr-00024-SLG-MMS   Document 42   Filed 11/08/24   Page 3 of 4

For the foregoing reasons, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Motion to Suppress at Docket 24 is DENIED.

DATED this 8th day of November, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cr-00024-SLG-MMS, *USA v. Spadaro*
Order re Report and Recommendation
Page 4 of 4
Case 3:24-cr-00024-SLG-MMS   Document 42   Filed 11/08/24   Page 4 of 4